| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **FOR PUBLICATION** |
| **SOUTHERN DISTRICT OF NEW YORK** | |
| ----------------------------------------------------------------x | |
| In re | Chapter 11 |
| BOZEL S.A. *et al.*,, | Case No. 10-11802 (SHL) |
| Debtors. | (Confirmed) |
| ----------------------------------------------------------------x | |
| TRILLIANT FUNDING, INC., | |
| as Plan Administrator of Bozel S.A. | |
| and Bozel LLC., | |
| Plaintiff, | |
| vs. | Adv. Pro. No. 13-01098 (SHL) |
| MICHEL MARENGERE | |
| Defendant. | |
| ----------------------------------------------------------------x | |

## MEMORANDUM OF DECISION GRANTING MOTION TO DISSMISS

**A P P E A R A N C E S :**

**RICH MICHAELSON MAGALIFF MOSER, LLP**
*Counsel for Trillian Funding, Inc., as Plan Administrator*
335 Madison Avenue, 9th Floor
New York, New York 10017
By:   Robert N. Michaelson, Esq.
        Eric T. Moser, Esq.

**BACKENROTH, FRANKEL & KRINSKY, LLP**
*Counsel for Michel Marengere*
800 Third Avenue, 11th Floor
New York, New York 10022
By:   Scott Krinsky, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of Michel Marengere (the "Defendant") to dismiss this adversary proceeding for insufficient service of process. As more fully explained below, the motion is granted because Trilliant Funding, Inc. ("Trilliant" or the "Plaintiff") failed to exercise reasonable due diligence in serving the Defendant by waiting 25 months after the filing of the complaint and almost sixteen months after a deadline set by the Court.

## BACKGROUND

This adversary proceeding arises from the voluntary petitions of Bozel S.A. and Bozel LLC (together, the "Debtors") for relief under Chapter 11 of the Bankruptcy Code. Compl. ¶ 5 [ECF No. 1].[1] On February 9, 2012, the Court confirmed the Debtors' Amended Joint Plan of Liquidation (the "Plan"). Compl. ¶ 7. Trilliant serves as the plan administrator under the Plan, and is thereby authorized to commence and prosecute certain actions on behalf of the Debtors. Compl. ¶ 9.

On January 4, 2013, Trilliant brought this action against the Defendant—a former executive of the Debtors—to recover funds allegedly misappropriated by him from Bozel LLC and for monetary damages for his alleged breach of fiduciary duties. Compl. ¶¶ 1, 13, 17. The Defendant asserts that for the last 32 years he has resided at 29 Montee Du Golf, Lac Beauport, Quebec G3B 0K3 (the "Quebec Address"). Aff. of Michel Marengere ¶ 2 (the "Marengere Aff.") [ECF No. 15-18]. Several documents exist indicating that both the Debtors and Trilliant were on notice during the bankruptcy proceeding that this was the Defendant's address. *See* Ex. A-G to Decl. of Scott Krinsky (the "Krinsky Decl.") [ECF Nos. 15-3 through 15-9]. For example, the Defendant identified the Quebec Address as his home address when he appeared

---

[1] Unless otherwise noted, all Case Management/Electronic Case Files ("ECF") references are to Adversary Proceeding No. 13-01098.

for a deposition in the bankruptcy case in November 2011, more than a year before Trilliant brought this action against him.  *See* Ex. E to Krinsky Decl. [ECF No. 15-7].

On April 16, 2013, Trilliant filed an application to, *inter alia*, extend time to serve the summons and complaint on the Defendant.  *See* Ex. J to Krinsky Decl. [ECF No. 15-12].  On May 2, 2013, the Court approved the application and entered an Order Extending Time to Effectuate Service (the "Service Order").  *See* Ex. K to Krinsky Decl. [ECF No. 15-13].  The Service Order stated in relevant part that "the time in which the Plan Administrator must effect service upon any defendant not previously served in connection with [the instant case] be and hereby is extended by one-hundred-eighty (180) days[,]"  thereby setting a service deadline of October 29, 2013.  *See id*.

In August 2013, a process server hired by Trilliant reported that the Defendant's wife had lived at the Quebec Address, but it was currently "empty and listed for sale."  Ex. 2 to Decl. of Eric T. Moser (the "Moser Decl.") [ECF No. 21-3].  In early September 2013, an investigator hired by Trilliant noted that "there was no movement on the property."  Ex. 3 to Moser Decl. [ECF No. 21-4].[2]  In the summer of 2014, Trilliant called the Defendant's counsel, Mark Frankel, regarding the Defendant's whereabouts.  Moser Decl. ¶ 5 [ECF No. 21].  Trilliant asserts that Mr. Frankel stated he "did not know, or have any documents that would show, Mr. Marengere's current location."  *Id*.  Trilliant hired yet another investigator, who confirmed in 2015 that the Defendant was at his Quebec Address and finally served him there on February 20, 2015.  Plaintiff's Brief in Opposition to Motion to Dismiss at 5 [ECF No. 20].

---

[2]    Trilliant asserts that it subsequently hired another investigator who was also unable to locate the Defendant. *See* Plaintiff's Brief in Opposition to Motion to Dismiss at 4 [ECF No. 20].  But Trilliant provides no information on when this took place, what investigator was hired, and what actions this investigator took on behalf of Trilliant. *See id.*

3

**DISCUSSION**

The Defendant moves to dismiss Trilliant's complaint for insufficient service of process under Federal Rules of Civil Procedure 12(b)(2), (4) and (5), made applicable through Federal Rule of Bankruptcy Procedure 7012(b). Federal Rule of Civil Procedure 4(m), made applicable through Federal Rule of Bankruptcy Procedure 7004, requires the dismissal of an action if service of the summons and complaint is not made upon a defendant within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m).[3] The aim of this 120-day time limit "is to foster 'diligent prosecution of civil cases.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun*, 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994) (quoting *Tillman v N.Y. State Dep't of Mental Health*, 776 F. Supp. 841, 843 (S.D.N.Y. 1991)).

The explicit language of Rule 4(m), however, states that the 120-day time limit does not apply to service in a foreign country under Rule 4(f) or Rule 4(j)(1). Fed. R. Civ. P. 4(m). But a plaintiff does not have unlimited time to serve a defendant in a foreign country. *See Yellowave Corp. v. Mana*, 2000 WL 1508249, at *2 (S.D.N.Y. Oct. 11, 2000). "[W]here service is in a foreign country, the [c]ourt uses a flexible due diligence standard to determine whether service of process was timely." *Id.* (quoting *Travers Tool Co. v. S. Overseas Express Line, Inc.*, 2000 WL 194781, at *1 (S.D.N.Y. Feb. 17, 2000)). Under this standard, courts will allow a plaintiff to serve a foreign defendant "within a reasonable time." *Savage & Assocs., P.C. v. Banda 26, S.A. (In re Teligent, Inc.)*, 2004 WL 724945, at *3 (Bankr. S.D.N.Y. Mar. 30, 2004) (citing *Official Comm. of Unsecured Creditors of Southold Dev. Corp. v. Mittemyer (In re Southold Dev. Corp.)*, 148 B.R. 726, 730 (E.D.N.Y. 1992)). Courts will generally refuse to dismiss cases for a short

---

[3] Fed. R. Civ. P. 4(m) was amended on April 29, 2015, to reduce the presumptive time for serving a defendant from 120 days to 90 days. This amendment became effective on December 1, 2015, after the events underlying this motion and the filing of the complaint. The Court therefore refers to the 120-day time limit.

4

delay in service, absent a showing by the defendant of hardship or prejudice. *In re Teligent*, 2004 WL 724945, at *3; *see also In re Southold*, 148 B.R. at 730 ("Under this flexible due diligence standard, courts generally refused to dismiss cases where the delay was in the range of two or three months unless that delay caused the defendants hardship or prejudice.") (collecting cases).

In assessing the flexible due diligence standard, courts are mindful of the rationale behind Rule 4 to "provid[e] for the prompt movement of civil actions in the federal courts." *Crysen/Montenay Energy Co. v. E & C Trading Ltd. (In re Crysen/Montenay Energy Co.)*, 166 B.R. 546, 552 (S.D.N.Y. 1994). Indeed, before Rule 4(m)'s 120-day time limit was adopted in 1983, courts applied the same flexible due diligence standard to all questions about the timeliness of service. *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 n.6 (2d Cir. 1985); *In re Southold*, 148 B.R. at 730.

Additionally, in considering whether a plaintiff has shown "good cause" for delay in serving a foreign defendant, some courts have examined "(1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *In re Crysen/Montenay*, 166 B.R. at 553 (citing *Bloomer v. City of New York*, 1994 WL 92388, at *4 (E.D.N.Y. Mar. 3, 1994)); *Gordon v. Hunt*, 835 F.2d 452, 453 (2d Cir. 1987)); *see also Papst Licensing GMBH & Co. KG v. Sunonwealth Elec. Machine Ind. Co.*, 2004 WL 1977441, at *8 (N.D. Ill. Aug. 27, 2004) ("The 'flexible due diligence' standard is measured by the reasonableness of the plaintiff's effort as well as the prejudice to the defendant from any delay.").

The Second Circuit has "held inapplicable the foreign country exception to Federal Rule of Civil Procedure 4(m)'s 120-day time limit for service where a party did not attempt service

5

within the 120-day limit and 'ha[d] not exactly bent over backward to effect service.'" *DEF v. ABC*, 366 F. App'x 250, 253 (2d Cir. 2010) (quoting *Montalbano*, 766 F.2d at 740); *see also DHL Glob. Forwarding Mgmt. Latin Am. v. Pfizer, Inc.*, 2014 WL 5169033, at *5 (S.D.N.Y. Oct. 14, 2014) (stating that plaintiff had failed to show good cause where action had been pending for almost a year, but plaintiff had not attempted to serve foreign defendants in an authorized manner within the 120-day time limit of Rule 4(m)).

Applying the flexible due diligence standard here, the Court finds that Trilliant's service on the Defendant was untimely because Trilliant's efforts at service and the resulting delay were not reasonable. The Defendant was not served until more than two years after the complaint was filed. *See In re Southold*, 148 B.R. at 730 (plaintiff failed to show it acted with due diligence in failing to attempt to serve foreign defendant within 120 days of filing complaint to save money during settlement negotiations); *In re Crysen/Montenay*, 166 B.R. at 553 (the passage of 14 months before plaintiff attempted service precluded a finding of diligence). Of particular relevance is Trilliant's failure to serve the Defendant by the October 21, 2013 deadline set in the Service Order. Even though this deadline was established at Trilliant's request, Trilliant appears to have made no attempt to satisfy the deadline or seek a further extension. While there are no strict deadlines under Rule 4 for service of a foreign defendant, it is not reasonable for the Plaintiff to invoke the Court's authority to issue an order on foreign service and then proceed to completely ignore the deadline in the resulting order. *Cf. United States v. Seltzer*, 227 F.3d 36, 39-42 (2d Cir. 2000) (courts have inherent power to impose respect for its lawful mandates). Indeed, Plaintiff failed to accomplish service for almost another sixteen months after the deadline in the Service Order passed. The Court concludes that such conduct cannot satisfy the flexible due diligence standard.

Moreover, nothing in the record demonstrates a sufficient cause for Plaintiff's failure to honor the Court ordered deadline or to seek a further extension. Trilliant relies upon several steps it took to effectuate service, but there are large gaps in the record where seemingly nothing took place. For instance, Trilliant cites to the report by a process server issued in August 2013, almost eight months after the filing of the complaint, as well as the report of an investigator one month later. But after September 2013, the record is silent as to any specifics about its service efforts for another ten months, when the Plaintiff's counsel placed a call to the Defendant's counsel. *See supra* note 2. At that point, more than a year had passed since the Plaintiff obtained an order extending service. After the call with the Defendant's counsel, another five months passed before the Defendant was actually served. Even where prior steps are taken to effectuate service on a foreign defendant, courts have held that the failure to take further steps makes the subsequent passage of time unreasonable. *See Papst Licensing*, 2004 WL 1977441, at *8 (despite promptly initiating procedure required to serve process in Taiwan, plaintiff failed to explain how subsequent 16 month delay was reasonable); *In re Crysen/Montenay*, 166 B.R. at 551, 553 (despite plaintiff's claim that it was confirming foreign address and preparing groundwork for service via letters rogatory, lack of diligence still found for 14 month delay which transpired before plaintiff attempted to perfect service by filing application for letters rogatory). Trilliant does not adequately explain its failure to act by the deadline set in the Service Order or justify its 17 month delay in service after the investigator's report in September 2013.[4] Moreover, nothing prevented the Plaintiff from seeking a further extension for service if its investigation had grown cold.

---

[4] Trilliant's position is further undermined by the fact that the Defendant was eventually served at his stated address, an address he lived at for 32 years and testified was his residence two years before the filing of this action.

7

The Court further finds that the passage of such an extensive period of time prejudices the Defendant, as the underlying facts occurred years ago and the discovery deadlines set by the Court in this adversary proceeding have long since passed.  *See* Pretrial Scheduling Order [ECF No. 10].  Trilliant argues that any prejudice to the Defendant was caused by his own evasion of service, but they have not established that the Defendant purposely attempted to avoid being served.

## CONCLUSION

For the foregoing reasons, the complaint against the Defendant is dismissed.  The Defendant should settle an order on five days' notice.  The proposed order must be submitted by filing a notice of the proposed order on the Case Management/Electronic Case Filing docket, with a copy of the proposed order attached as an exhibit to the notice.  A copy of the notice and proposed order shall also be served upon counsel to Trilliant.

Dated: New York, New York
       April 14, 2016

                                            */s/ Sean H. Lane*
                                            UNITED STATES BANKRUPTCY JUDGE